## BOYD v. KELLY.

### [71 South. 897.]

1. BILLS AND NOTES. *Time for payment. Extension. Validity. Evidence. Parol evidence affecting writings. Admissibility.*

   Where after the execution of a promissory note, the payee agreed orally to extend the time of payment if the maker would get an endorser of the note which was accordingly done, such agreement was valid and binding.

2. EVIDENCE. *Parol evidence affecting writing. Admissibility.*

   It is well settled that the time of payment of a bill or note may be extended by oral agreement, as this does not, in any way, violate the rule excluding parol evidence to contradict, add to, or vary a written contract, the evidence not being admitted for this purpose, but to prove a new agreement.

APPEAL from the circuit court of Attala county.
HON. T. C. KIMBROUCH, Judge.

Suit by J. A. Kelly against J. Niles Boyd and others. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*T. P. Guyton, S. L. Todd, J. G. Smythe,* and *Flowers, Brown, Chambers & Cooper,* for appellant.

*Geo. L. Teat,* for appellee.

Cook, P. J., delivered the opinion of the court.

This action was begun in the circuit court against appellant and one Aaron Storer. The suit was based on a promissory note payable January 1, 1914, and an indorsement of Mr. Storer made on the 3d day of March, 1914, three months after the maturity of the note. After the suit was begun, and during the trial, the suit was dismissed as to the indorser, Mr. Storer. Appellant offered to prove that the holder of the note agreed to extend the time of payment of the note to January 1, 1915, if he would get Mr. Storer to indorse the note, and that he did get Mr. Storer to indorse in consideration of the extension of time. Mr. Storer and appellant testified, in the absence of the jury, that Mr. Storer indorsed the note at the solicitation of the holder that the time would be extended as stated. Upon motion all of this evidence was excluded, and the court directed the jury to find a verdict for plaintiff.

We are advised that this action of the court was based on the theory that the evidence was incompetent because it was an attempt to vary the terms of a written contract by parol.

"It is well settled that time of payment of a bill or note may be extended by oral agreement, as this does not, in any way, violate the rule excluding parol evidence to contradict, add to, or vary a written contract, the evidence not being admitted for this purpose, but to prove a new agreement." 7 Cyc. 898b.

"It is just as competent for the principals to a note to extend the time of payment for a specified period as it was to fix the time of payment originally. And this they may do, according to the prevailing view, by oral agreement but it is not permissible to prove an oral agreement alleged to have been made prior to the execution of promissory notes to renew them from time to time; for, whereas the promise expressed in the notes is a promise to pay money at the maturity of the instrument, the con-

temporary understanding would cut it down to a promise to give a new promise to pay." 3 R. C. L. section 437.

The agreement of forbearance was made in consideration of the maker of the note securing the indorsement of Mr. Storer. The conditions of the contract were met by appellant, the contract was executed, and the maker could not escape the terms of his agreement by dismissing his suit against the indorser. The suit in this case was prematurely instituted. It will be noted that the parol agreement proven in this case was not contemporaneous with the making of the note, but was a subsequent agreement upon a valid and valuable consideration.

Appellee relies on *Hawkins* v. *Shields,* 100 Miss. 739, 57 So. 4. We think that case was decided in the first two sentences of the paragraph at the bottom of page 746. The balance of the opinion deals with a case not made by the record. The observations of the judge writing the opinion on what would be the law under different facts are no doubt, sound and are not, in our opinion, in conflict with the opinion in this case.

*Reversed and dismissed.*